(59 App. Div. 488.)

PEOPLE ex rel. CITY OF AUBURN et al. v. DURYEA et al.

(Supreme Court, Appellate Division, Fourth Department.   March 12, 1901.)

MUNICIPAL CORPORATIONS—TAXATION—FRANCHISES—EXEMPTIONS.

The general tax law (Laws 1896, c. 908, art. 1, §§ 3, 4) declared all real property of a municipal corporation held for public use, and not within the corporation, subject to taxation. Laws 1899, c. 712, amending the general tax law, left sections 3 and 4 unchanged, and provided that "real property" should include the value of all "franchises" to construct water mains or pipes, and that a franchise, as specified in the subdivision, shall, "for the purpose of taxation," be known as a "special franchise," and include the value of the tangible property situated on a street, in connection with the special franchise. It also provided that "the tangible property so included shall be taxed as a part of the special franchise," and that "no property of a municipal corporation shall be subject to a special franchise tax." *Held*, that as the term "special franchise" was to be applied only for the purpose of taxation, and the property of a municipal corporation was "not subject to a special franchise tax," the provision in the amendment that a special franchise shall include the tangible property of a corporation," etc., and that the property so included shall only be taxed as part of the special franchise, had no application to the franchise of a municipal corporation; hence the portion of a city's waterworks lying outside the city was taxable under sections 3 and 4.

Appeal from special term, Cayuga county.

Certiorari by the people of the state of New York, on the relation of the city of Auburn and others, to review and correct an assessment made by David B. Duryea and others, as assessors of the town of Owasco. From an order in favor of the city of Auburn, the assessors appeal. Reversed.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and LAUGHLIN, JJ.

Charles F. Lyon, for appellants.
Charles M. Baker, for respondents.

WILLIAMS, J.   This appeal involves the question as to whether certain property of the city of Auburn, or of its water board, lying in the town of Owasco, outside of the said city, is assessable in the town of Owasco. The parties have filed with the record a stipulation that the direct question involved in the appeal may be decided upon its merits, without regard to any technical question as to whether the assessment should have been made to the city or to the water board. The city or water board, in 1900, owned the following property in the town of Owasco:   An engine or pump house in Owasco Lake; 84 rods of pipe line in or under the waters of the lake, and a crib connected therewith; other pipe line in or upon private property; about a half mile of pipe line in or under the public highway; and four acres of land. Owasco Lake is a part of the public waters of the state. All this property of the city or board was acquired and constructed for the purpose of supplying the city with water, pursuant to chapter 479, Laws 1892, and chapter 36, Laws 1894, and has ever since been used for that purpose. This property was assessed in the town of Owasco, viz.:

Engine or pump house............................................. $ 6,000
Pipe line and crib under or in lake............................... 9,000
Pipe line on private property..................................... 30,000
Four acres of land................................................ 1,000

                                                        $46,000

The appellants claimed that all this property was assessable in the town under the general tax law, while the respondents claimed that the engine or pump house, and the pipe line in the lake and crib connected therewith, were a part of a special franchise of the city, and were not subject to taxation in the town, under the general tax law as amended in 1899. The special term held these items of property were not assessable, that the assessment thereof was void, and made the order appealed from striking them from the assessment roll.

The general tax law of the state was passed in 1896, as chapter 908 of the Laws of that year. By article 9 of that law, taxes upon corporations were provided for, and among them those known as "franchise taxes," but the special franchise tax which we are considering here was added by chapter 712, Laws 1899. Sections 3 and 4 of article 1 of the original act were left unchanged by the amendatory act, and it was under these sections that the appellants claimed the right to assess the property in question. So far as material here, these sections read as follows:

"Sec. 3. Property Liable to Taxation. All real property within this state * * * is taxable unless exempt from taxation by law.

"Sec. 4. Exemption from Taxation. The following property shall be exempt from taxation: * * * (3) Property of a municipal corporation of the state held for a public use, except the portion of such property not within the corporation."

The property in question was real, and not personal, under the definition given in section 2 of the law, both before and after the amendments of 1899. There can be no doubt that the property in question was assessable in the town, under these sections 3 and 4, before the amendatory act was passed (City of Rochester v. Coe, 25 App. Div. 300, 49 N. Y. Supp. 502, affirmed in 157 N. Y. 678, 51 N. E. 1093; City of Amsterdam v. Hess, 157 N. Y. 42, 51 N. E. 410); and the question is whether the amendments of 1899 so far affected or modified these sections as to deprive the town of the right to assess such property, which it theretofore had. The amendatory act, inserted in subdivision 3, § 2, art. 1, of the original act, which defined the terms "land," "real estate," and "real property," two clauses, each of which commenced with the words, "including the value of all franchises." The first clause related to railroads, and is not important here. The second clause made that part of the section, as amended, read as follows:

"All mains, pipes, * * * laid or placed in, upon, above or under any public or private street or place for conducting * * * water, * * * including the value of all franchises, rights, authority or permission to construct, maintain or operate, in, under, above, upon, or through, any * * * public places, any mains, pipes, * * * for conducting water."

At the end of the subdivision the following was added:

"A franchise right, authority or permission specified in this subdivision shall for the purpose of taxation be known as a 'special franchise.' A special fran-

chise shall be deemed to include the value of the tangible property of a person, copartnership, association or corporation situated in, upon, under or above any street, highway, public place or public waters in connection with the special franchise. The tangible property so included shall be taxed as a part of the special franchise. No property of a municipal corporation shall be subject to a special franchise tax."

The amendatory act made changes in other parts of the original act necessary to provide for the assessment of the special franchise tax, and among other things added a section 47, as follows:

"Sec. 47. Special Franchise Tax not to Affect Other Tax. The imposition or payment of a special franchise tax as provided in this chapter shall not relieve any association, copartnership or corporation from the payment of any organization tax or franchise tax or any other tax otherwise imposed by article nine of this chapter, or by any other provision of law; but tangible property subject to a special franchise tax situated in, upon, under or above any street, highway, public place or public waters, as described in subdivision three of section two, shall not be taxable except upon the assessment made as herein provided by the state board of tax commissioners."

It will be observed that under subdivision 3, § 2, art. 1, as amended in 1899, a franchise therein specified was made real estate, and for the purposes of taxation was to be known as a "special franchise"; but inasmuch as this term was to be applied to such franchise for the purposes of taxation only, and inasmuch as the property of a municipal corporation, by the express terms of the amendment, was not subject to a special franchise tax, it cannot be said that its franchise specified in the amendment was a special franchise at all. The provision in the amendment, therefore, that "a special franchise shall be deemed to include the value of the tangible property," etc., and that "the tangible property so included shall only be taxed as a part of the special franchise," had no application to the franchise of a municipal corporation. This construction is confirmed by the provision of section 47, added by the amendatory act, that:

"The imposition or payment of a special franchise tax * * * shall not relieve * * * from the payment of any * * * franchise tax * * * imposed by article nine, * * * but tangible property subject to a special franchise tax * * * as described in subdivision three, section two, article one, shall not be taxable except upon the assessment made as herein provided by the state board of tax commissioners."

In other words, the provisions relating to tangible property of a corporation, and making such property a part of a special franchise, have no application to the tangible property of a municipal corporation, because the term "special franchise" was created solely for the purpose of taxation, and the property of a municipal corporation was expressly exempted from such taxation.

The purpose of the amendatory act was to provide for an increase of the area of taxation so as to include property not. theretofore subject to taxation. No purpose is apparent to relieve and exempt from taxation property theretofore taxable. And as to tangible property, the provision was that, when taxable as a part of a special franchise, it should only be taxed upon the assessment made for the purpose of a special franchise tax. When not assessable as a part of a special franchise, it was to be assessed as it had been before the amendatory act was passed. There having been in the amendatory act no

reference to sections 3 and 4 of the original law, no express modification or repeal thereof, and the amendatory act not being inconsistent with those sections of the original law, the amendatory act cannot be held to have modified or repealed these sections by implication. Davis v. Supreme Lodge, 165 N. Y. 159, 166, 58 N. E. 891, where the rules applicable to repeal of statutes by implication are clearly stated.

Prior to the enactment of the general tax law of 1896, the property of a municipal corporation, situate beyond the limits of the corporation, and held for a public use, was exempt from taxation in the towns where it was located; but by sections 3 and 4 of the general tax law such property was by the legislature expressly subjected to taxation in such towns. City of Rochester v. Coe and City of Amsterdam v. Hess, above. The court of appeals in the Hess Case said this was in accordance with natural justice as between the taxpayers of the towns and the municipality receiving the benefits from the property. We see no reason why we should struggle to hold this property again exempted from taxation by a law which does not make the intention of the legislature clear to provide for such exemption. Our conclusion is that the order appealed from should be reversed, with costs, and the proceedings remitted to the special term of the supreme court for such further action as shall be necessary to give effect to this decision. So ordered. All concur.